**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                     No. 16-00886-WJ-GBW
                                            No. 10-CR-01566-WJ

HORTENCIA LOZANO DE BELTRAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Hortencia Lozano De Beltran's Motion For Minor Role Adjustment And Sentence Reduction Based On United States v. Quintero-Leyva And Pursuant To Amendment 794 And 28 U.S.C. § 2255, filed on August 1, 2016.  [CV Doc. 1; CR Doc. 1412]  Also before the Court is Defendant's Motion For Appointment of Counsel, filed on February 6, 2017.  [CV Doc. 3]  For the reasons explained below, the Court concludes that Defendant's § 2255 motion is untimely under § 2255(f) and, therefore, Defendant's § 2255 motion will be dismissed with prejudice, Defendant's Motion For Appointment of Counsel will be denied as moot, a certificate of appealability will be denied, and judgment will be entered.

## I.  BACKGROUND

Defendant was charged in a Second Superseding Indictment with: (1) <u>Count 1</u>—conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana in

violation of 21 U.S.C. § 846; (2) <u>Count 3</u>—distribution of 500 grams and more of cocaine in violation of 21 U.S.C. §§ 84(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (3) <u>Count 7</u>—possession with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (4) <u>Count 8</u>—use of a person under eighteen years of age to commit a drug trafficking offense and to assist in avoiding detection or apprehension in the possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 861(a)(1) and (a)(2); (5) <u>Count 11</u>—distribution of 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (6) <u>Count 14</u>—possession with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (7) <u>Count 17</u>—possession with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (8) <u>Count 18</u>—use of a person under eighteen years of age to commit a drug trafficking offense and to assist in avoiding detection or apprehension in the possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 861(a)(1) and (a)(2); (9) <u>Count 21</u>—distribution of 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (10) <u>Count 22</u>—use of a person under eighteen years of age to commit a drug trafficking offense and to assist in avoiding detection or apprehension in the distribution of cocaine in violation of 21 U.S.C. §§ 861(a)(1) and (a)(2); (11) <u>Count 25</u>—possession with intent to distribute 500 grams and more cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (12) <u>Count 26</u>—use of a person under eighteen years of age to commit a drug trafficking offense and to assist in avoiding detection or apprehension in the possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 861(a)(1) and (a)(2); (13) <u>Count 27</u>—possession with intent to distribute 500 grams and more of cocaine in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; (14) <u>Count 28</u>—use of a person under eighteen years of age to commit a drug trafficking offense and to assist in avoiding detection or apprehension in the possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 861(a)(1) and (a)(2); (15) <u>Count 29</u>—distribution of 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2;   (16) <u>Count 30</u>—use of a person under eighteen years of age to commit a drug trafficking offense and to assist in avoiding detection or apprehension in the distribution of cocaine in violation of 21 U.S.C. §§ 861(a)(1) and (a)(2); (17) <u>Count 36</u>—possession with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2.   [CR Doc. 550]   Pursuant to a plea agreement, Defendant agreed to plead guilty to Counts 1, 3, 7, 8, 11, 14, 17, 18, 21, 22, 25, 26, 27, 28, 29, 30, and 36 of the Second Superseding Indictment.   [CR Doc. 700]   Defendant also waived "the right to appeal a conviction and the sentence imposed" and agreed "to waive any collateral attack to the defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering into" the plea agreement or waiver. [CR Doc. 700 at 10]

The Court accepted Defendant's guilty plea and the plea agreement and sentenced Defendant to 135 months of imprisonment on each count of the Second Superseding Indictment, said terms to run concurrently, for a total term of 135 months of imprisonment.[1]   [CR Docs. 1267; 1274]   Additionally, the Court imposed eight years of unsupervised release as to each count of the Second Superseding Indictment, said terms to run concurrently, for a total term of eight years of

---

[1] At sentencing, the Court imposed a three-level enhancement under the United States Sentencing Guidelines, U.S.S.G. § 3B1.1(b), due to Defendant's aggravating role in the offenses as "a manager or supervisor."   [CR Doc. 1267; *see also* CR Doc. 1121 at 10 ("Ms. Lozano de Beltran concedes that her participation in the drug transactions rose to the level of manager/supervisor in that she hired many of the persons who transported the drugs, and often designated who was assigned a particular delivery trip.")]

unsupervised release.[2]   [CR Docs. 1267; 1274]   The Court rendered judgment on Defendant's conviction and sentence on November 8, 2012.   [CR Doc. 1274]   Defendant did not file a notice of appeal.

On August 1, 2016, Defendant filed the present Motion For Minor Role Adjustment And Sentence Reduction Based On United States v. Quintero-Leyva And Pursuant To Amendment 794 And 28 U.S.C. § 2255.   In her motion, Defendant seeks a reduction of her sentence pursuant to Amendment 794 of the United States Sentencing Guidelines (U.S.S.G.), which amended the commentary to U.S.S.G. § 3B1.2 to provide "additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."   *See United States Sentencing Guidelines Manual*, Supplement to Appendix C, Amend. 794 (2016).   Specifically, the amendment "provides a non-exhaustive list of factors for the court to consider in determining whether an adjustment applies and, if so, the amount of the adjustment."   *Id.*   Pursuant to these factors, and the holding of the United States Court of Appeals for the Ninth Circuit in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Defendant contends that she is "not as culpable as the other participants in the criminal activity" and requests "the proper reduction and resentence accordingly."   [CV Doc. 1 at 4; CR Doc. 1412 at 4]   On February 6, 2017, Defendant filed a motion for appointment of counsel, "requesting an attorney to proceed with [her] minor role motion."   [CV Doc. 3]

## II.   DISCUSSION

As a preliminary matter, the Court will consider the timeliness of Defendant's § 2255 motion.   *See United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (noting that

---

[2] On November 2, 2015, Defendant's sentence was reduced from 135 months of imprisonment to 108 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on a retroactive amendment to the drug quantity table in the United States Sentencing Guidelines.   [CR Doc. 1389; *see also* CR Doc. 1376]

4

"federal district courts are 'permitted, but not obliged' to review, *sua sponte*, a *federal* prisoner's §

2255 motion to determine whether it has been timely filed") (unpublished) (quoting *Day v.*

*McDonough*, 547 U.S. 198, 209 (2006)).

**A.      *Timeliness of Defendant's § 2255 Motion***

   Title 28 of the United States Code, section 2255(f)(3) imposes a "1-year period of

limitation" on § 2255 motions, which begins to run on the latest of:

> (1)   the date on which the judgment of conviction becomes final;

> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(3).   Defendant did not appeal the judgment of conviction and, therefore, it became final

on November 22, 2012--fourteen days after entry of judgment.   *See United States v. Prows*, 448

F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal

conviction becomes final upon the expiration of the time in which to take a direct criminal

appeal."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be

filed in the district court within 14 days after . . . the entry of . . . the judgment").   Because

Defendant's § 2255 motion was not filed within one year of the date on which her judgment of

conviction became final, it is untimely under § 2255(f)(1).

   Defendant contends that her motion was timely filed because "no relief based on the

clarifying amendment was available until the amendment became effective on November 1, 2015."   [CV Doc. 1 at 1; CR Doc. 1412 at 1]   Defendant's contention implicates subsections (3) and (4) of § 2255(f) and, therefore, the Court will address the applicability of each of these subsections to Defendant's § 2255 motion.

Subsection (3) of § 2255(f) provides that the one-year statute of limitation may begin to run on "the date on which the right asserted was initially recognized *by the Supreme Court*, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   § 2255(f)(3) (emphasis added).   Amendment 794 is a clarifying amendment promulgated by the United States Sentencing Commission, rather than a new substantive right recognized by the Supreme Court.   Therefore, § 2255(f)(3) is inapplicable to Defendant's § 2255 motion.   *See United States v. Trintidia*, No. CR-11-138-D, CIV-16-944-D, 2016 WL 4468263, at *2 (W.D. Oklahoma August 24, 2016) (holding that § 2255(f)(3) "does not apply" to the defendant's request for sentencing relief under Amendment 794 because the defendant "does not assert a right newly recognized by the Supreme Court") (unpublished).

Subsection (4) of § 2255(f) provides that the one-year statute of limitation may be begin to run on "the date on which *the facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence."   § 2255(f)(4) (emphasis added).   "A change or clarification of controlling law is not a 'fact' within the meaning of § 2255(f)(4)."   *United States v. Harrison*, No. 16-5167, 2017 WL 710426, at *2 (10th Cir. February 23, 2017) (unpublished).   Therefore, "Amendment 794 to the sentencing guidelines is not a 'fact' relating to [the defendant's] criminal history and does not otherwise allow her to invoke § 2255(f)(4)."   *Id.* Accordingly, § 2255(f)(4) is inapplicable to Defendant's § 2255 motion.

6

In light of the foregoing, the Court concludes that Defendant's § 2255 was not timely filed under § 2255(f).[3]  *United States v. Quintero-Leyva* is not inconsistent with this conclusion, since that case involved a direct criminal appeal and the United States Court of Appeals for the Ninth Circuit explicitly declined to decide whether a defendant "can move to reopen sentencing proceedings" via a § 2255 motion.  *Quintero-Leyva*, 823 F.3d at 521 n.1.   Therefore, Defendant's § 2255 motion is time-barred.

**B.**      ***Whether to Recharacterize Defendant's § 2255 Motion as a § 3582 Motion***

Having determined that Defendant's § 2255 motion is time-barred, the Court next will consider whether to recharacterize Defendant's § 2255 motion as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").   Pursuant to § 3582(c)(2), a district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).

According to the United States Sentencing Commission, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized

---

[3] Because Defendant's § 2255 motion was not timely filed, the Court need not reach the question of whether it is barred by the collateral attack waiver in the plea agreement.

under 18 U.S.C. 3582(c)(2)" unless the amendment is listed in U.S.S.G. § 1B1.10(d).   U.S.S.G. § 1B1.10(a)(2)(A).   Amendment 794, which altered the commentary to § 3B1.2 regarding application of the mitigating role adjustment, is not listed under § 1B1.10(d) and, therefore, cannot be applied retroactively to reduce a defendant's sentence under § 3582(c)(2).   *See* U.S.S.G. § 1B1.10(d); *see also United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993) (holding that, if an amendment to the U.S.S.G. is not listed as a retroactive amendment under § 1B1.10(d), then it "cannot be applied retroactively and it may not serve as a basis on which to reduce [a defendant's] sentence" under § 3582) (per curiam); *United States v. Fouse*, No. 13-CR-0108-001-CVE, 2016 WL 4516066, at *2 (N.D. Oklahoma August 29, 2016) ("Amendment 794 is not listed in the amendments covered by the policy statement, therefore, the Amendment cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence" under § 3582(c)(2)).   Because sentencing relief is not available to Defendant under § 3582(c)(2), the Court declines to recharacterize Defendant's § 2255 motion as a § 3582 motion.

## C.    *A Certificate of Appealability Will Be Denied*

For the reasons explained above, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that she has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Therefore, the Court will deny a certificate of appealability.

## III.    CONCLUSION

Defendant's § 2255 motion is untimely under § 2255(f) and, therefore, it will be dismissed with prejudice, Defendant's Motion For Appointment of Counsel will be denied as moot, a certificate of appealability will be denied, and judgment will be entered.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Minor Role Adjustment And Sentence Reduction Based On United States v. Quintero-Leyva And Pursuant To Amendment 794 And 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 1412] is **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that Defendant's Motion For Appointment of Counsel [CV Doc. 3] is **DENIED** as moot;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE